# United States Court of Appeals
## For the First Circuit

No.    03-2429

IN RE STONE & WEBSTER, INC., SECURITIES LITIGATION

ADELE BRODY, on behalf of herself and all others similarly
situated; FRED DUBOIS, JR., individually and on behalf of all
others similarly situated; ALBERT A. BLANK, on behalf of himself
and all others similarly situated; DAVID B. EVERSON, on behalf of
himself and all others similarly situated; FANNY MANDELBAUM, on
behalf of herself and all others similarly situated; MARK HANSON,
on behalf of himself and all others similarly situated,

Plaintiffs,

RAM TRUST SERVICES, INC., LENS INVESTMENT MANAGEMENT LLC,

Plaintiffs, Appellants,

v.

STONE & WEBSTER, INC., H. KERNER SMITH, THOMAS LANGFORD,
PRICEWATERHOUSECOOPERS, LLP,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before
Boudin, Chief Judge,
Leval, Senior Circuit Judge,[*]
and Harrington, Senior District Judge.[**]

---

September 13, 2005

---

[*]  Of the Second Circuit, sitting by designation.

[**]  Of the District of Massachusetts, sitting by designation.

**LEVAL**, <u>**Senior Circuit Judge**</u>.  Defendant-appellees H. Kerner Smith and Thomas L. Langford ("defendants") petition for rehearing, contending that the panel decision erred in vacating the district court's dismissal of certain "controlling person" claims under § 20(a) of the Securities Exchange Act of 1934 ("Act"), 15 U.S.C. § 78t(a), while simultaneously affirming the district court's dismissal of claims under § 10(b) of the Act, 15 U.S.C. § 78j(b), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), relating to the same allegedly false or misleading statements.  *See In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187 (1st Cir. 2005).  Defendants' petition is denied.

Smith and Langford argue that because a controlling person claim under § 20(a) presupposes an underlying predicate violation by the controlled person, our affirmance of the district court's dismissal of the Rule 10b-5 claims necessitated affirmance also of the dismissal of the controlling person claims arising from the same alleged acts of fraud.  According to their argument, we "misapprehended the requirement in the 1934 Act that any claim for violation of Section 20(a) must be based on an underlying violation of the securities laws."  They argue that in failing to dismiss the controlling person claims, we have rejected authoritative precedent in this circuit.  Their argument is based on a fallacious premise.

We found as to certain Rule 10b-5 claims against Smith and Langford, that while these claims met the requirement of the

-2-

Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure 9(b) that a complaint alleging securities fraud set forth the basis of the claim with clarity and particularity (what we called the "clarity-and-basis requirement"), *see* 15 U.S.C. § 78u-4(b)(1), they failed to meet another heightened pleading requirement of the PSLRA—that the complaint allege facts supporting a *strong* inference of the required state of mind (referred to in the opinion as the "strong-inference" requirement), *see* 15 U.S.C. § 78u-4(b)(2). Because a claim under Rule 10b-5 requires proof of scienter, and because the complaint failed to allege facts supporting a strong inference that Smith and Langford acted with scienter, we affirmed the dismissal of those Rule 10b-5 claims.

We then turned to the parallel claims brought under § 20(a), arising from the same allegedly false or misleading statements. These claims asserted controlling person liability against Smith and Langford, predicated on violations of Rule 10b-5 by the corporation Stone & Webster.

We considered whether the PSLRA requirement to plead facts supporting a strong inference of scienter applies to such § 20(a) claims, and observed that the strong-inference requirement of the PSLRA applies only in circumstances where the plaintiff's recovery depends on proof that *the defendant* acted with a particular state of mind. *See* 15 U.S.C. § 78u-4(b)(2). Based on the language of § 20(a), which treats the defendant's good faith as a part of the

defendant's affirmative defense, and makes no other reference to the defendant's state of mind,[1] *see* 15 U.S.C. § 78t(a), we noted that § 20(a) does not on its face require the plaintiff to prove any state of mind of the defendant.[2] We thus concluded that the strong-inference requirement of the PSLRA has no application to a claim under § 20(a).[3]

We explained:

> We recognize that a plaintiff must show under §

---

[1] Section 20(a) provides:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a).


[2] Because the parties had not raised the question on appeal, we left open whether a plaintiff must prove "culpable participation" on the part of a § 20(a) defendant, and whether the strong-inference requirement of the PSLRA would need to be met for this reason. *See In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d at 194 n.4, 196 n.6.


[3] This ruling also was provisional. We recognized possible policy arguments which, notwithstanding the words of the statute, might counsel against allowing prosecution of a secondary claim in circumstances where the predicate claim, standing alone, would be dismissed for failure to meet the PSLRA's strong-inference requirement. In view of the fact that defendants had not advanced such an argument, we left its final resolution for another day. *See In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d at 201 n.11.

20(a) that the controlled entity committed a violation of the securities laws. If that violation was, for example, a violation of Rule 10b-5, which requires a proof of scienter, then the plaintiff under § 20(a) must prove that the controlled entity acted with "a particular state of mind." Nonetheless, if the statute is read literally, the strong-inference requirement of the PSLRA does not apply. The statute states that the strong-inference requirement applies only where the plaintiff's recovery depends on proof that "*the defendant* acted with a particular state of mind" (emphasis added). *See* 15 U.S.C. § 78u-4(b)(2). The obligation to prove that the controlled corporation acted with scienter does not involve an obligation to prove "that *the defendant* acted with a particular state of mind."

*In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d at 201.

The fundamental premise of defendants' argument on this motion is mistaken. They maintain that the Rule 10b-5 claims against Smith and Langford, which were dismissed, allege claims which are necessary predicates to the claims of controlling person liability under § 20(a). They seem to argue that without establishing the primary Rule 10b-5 liability of Smith and Langford, as alleged in the claims that were dismissed, plaintiffs cannot establish the secondary liability of Smith and Langford as controlling persons of Stone & Webster under § 20(a). This is a nonsequitur. The controlling person claims asserted under § 20(a) are predicated on Rule 10b-5 violations *by the Stone & Webster corporation*, not on Rule 10b-5 violations *by Smith and Langford*.

The predicate Rule 10b-5 violations could be satisfied by frauds of *Stone & Webster* attributable to the actions of numerous persons. While frauds of Stone & Webster attributable to the acts

of Smith and Langford might serve as predicates for the controlling person liability of Smith and Langford under § 20(a), frauds of Stone & Webster attributable to the acts of other agents might also serve as predicates for the § 20(a) liability. Thus, the Rule 10b-5 claims against Smith and Langford that were dismissed were not necessary predicates to their liability under § 20(a).

The complaint did include claims against Stone & Webster. Those claims, however, were not dismissed. Prior to the district court's dismissal of the claims against Smith and Langford, the litigation of all claims against Stone & Webster was stayed when the corporation filed for bankruptcy protection.

Nor was the dismissal of the Rule 10b-5 claims against Smith and Langford for reasons suggesting that there was no Rule 10b-5 violation by Stone & Webster. For example, the claims were not dismissed on the basis of a finding that the allegedly fraudulent statements were not false. *Cf. Suna v. Bailey Corp.*, 107 F.3d 64, 70 (1st Cir. 1997). The dismissal also was not in circumstances where the liability of Stone & Webster, if it existed at all, necessarily depended on acts of Smith and Langford and no one else, so that if Smith and Langford were not liable, Stone & Webster could not be found liable. To the contrary, the dismissal of the Rule 10b-5 claims against Smith and Langford was based on our conclusion that the facts alleged failed to support a strong inference, as required by the PSLRA, of scienter *on the part of*

*Smith and Langford.*

In short, it is an essential element of the § 20(a) controlling person claims in question that plaintiffs show a Rule 10b-5 violation by the controlled entity. The controlled entity is Stone & Webster, not Smith and Langford. The dismissal of Rule 10b-5 claims against Smith and Langford is in no way incompatible with the establishment of their secondary liability under § 20(a) as controlling persons of Stone & Webster, predicated on *Stone & Webster* having violated Rule 10b-5.

Defendants argue that our decision is inconsistent with our prior rulings, principally in *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 207 (1st Cir. 1999). Their contention is mistaken. In *Greebel*, we affirmed the dismissal of Rule 10b-5 claims *against the controlled corporation*, and on that basis affirmed the dismissal of the corresponding § 20(a) claims against the controlling persons. *See also Suna*, 107 F.3d at 69-72. As explained above, that is not what happened in the present litigation. There is no inconsistency.

The petition for rehearing is denied.